[Civ. No. 17299.   First Dist., Div. Two.   July 16, 1956.]

HELENE MARCEAU SIDEBOTHAM, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent; O. A. ARTHUR et al., Real Parties in Interest.

Manuel Ruiz, Jr., for Petitioner.

No appearance for Respondent.

Morris Lowenthal, Juliet Lowenthal and Karl D. Lyon for Real Parties in Interest.

AGEE, J. pro tem.*—Petitioner seeks a peremptory writ of prohibition restraining the Superior Court of the State of California in and for the City and County of San Francisco, the Honorable George W. Schonfeld presiding, from resuming and completing the trial of action numbered 431997 therein.

Petitioner is the former wife of Robert Russell Sidebotham, who died intestate on December 21, 1951. She had obtained a Nevada divorce from him on November 16, 1946, and the validity of that divorce is not in question.

On October 10, 1952, petitioner commenced an action against the administrator of the estate of her deceased husband and his heirs at law to have one-half of certain assets (mostly money) in the possession of her former husband at the time of his death declared to be hers as a tenant in common therein with him and, upon his death, his estate. She obtained judgment. The trial court reached the following conclusions of law: ''1. That all of the monies, assets, and properties possessed and controlled by the decedent at the time of his death on December 21, 1951, and held for and on account of the Estate of Robert Sidebotham, deceased, excepting the sum of $10,015.06, thereof, were acquired and accumulated by said decedent, prior to November 14, 1946. [The date of the divorce.] 2. That plaintiff [petitioner herein] has at all times since November 14, 1946, been the owner and entitled to the possession of an undivided one half thereof as tenant in common.'' Petitioner's theory in that case was that her deceased husband had wrongfully concealed from her the existence of this property at the time of the divorce, that it was community property, and that it was not disposed of in the divorce action. The judgment was entered on February 27, 1956, and is not final because an appeal therefrom is pending.

The action first mentioned in this opinion, Number 431997, was commenced on October 3, 1953, by 110 plaintiffs, who claimed that funds entrusted by them to decedent and one

*Assigned by Chairman of Judicial Council.

Huttaball had been misused and that the assets possessed by decedent at the time of his death originated from such misused funds and should be impressed with a constructive trust. The administrator of the decedent's estate, Huttaball and petitioner were named as defendants. (The plaintiffs apparently had learned of petitioner's claim and so joined her as a party.) None of the plaintiffs were parties to the previous action.

On October 27, 1954, the attorney for the administrator advised petitioner's attorney of the action and warned him that, if it was successful, the assets of the estate would be almost entirely exhausted. He asked that petitioner appear or that he be advised of her address so that she could be brought into the action. Petitioner did not appear in the action and her counsel did not disclose her whereabouts.

After the trial had proceeded against the administrator and Huttaball for 22 trial days, petitioner appeared therein and filed a general and special demurrer and a motion to strike. The demurrers were overruled and the motion to strike denied. On April 25, 1956, the lower court ordered the trial to resume on June 19, 1956. On that day petitioner filed her petition in this court to prohibit such resumption. An alternative writ was issued, returnable on July 9, 1956.

■ The sole question is whether the resumption of the trial as against the administrator and Huttaball would be ''without or in excess of the jurisdiction'' of the trial court. (Code Civ. Proc., § 1102.) The trial has reached the point where plaintiffs have completed their case in chief and are ready to rest. The affidavit of the trial judge denies that, as petitioner avers, he has ''ordered that the trial of the action *proceed against Petitioner.''* (Emphasis added.) The plaintiffs have stated for the record that they will not object if petitioner intervenes even at this late date and participates in the trial from this point on. Plaintiffs have also stated for the record that, if petitioner does not wish to so participate, they will not make any move to force her to come in. The choice is hers to come in or stay out. Petitioner's main defense is based upon the judgment in her favor in the earlier action, to which we have previously referred. This defense is open to her in the pending trial if she chooses to make it.

Certain motions were made before the trial court on June 18, 1956, which were denied. The gist of them is that petitioner desires the trial be commenced de novo so that she can adequately present her defense. All of the points made by her are in the record and are reviewable on appeal. The

affidavit of the trial judge, in opposition to the granting of the writ of prohibition sought by petitioner, avers: "That by denying the motions made by Ruiz [petitioner's attorney] on June 18, 1956, affiant [Judge Schonfeld] did not order that the trial of the action proceed against Petitioner and did not pass upon, nor intend to pass upon, the question of whether or not Petitioner would be bound by any judgment rendered therein or the question of whether or not Petitioner is a participant in said trial or has submitted to the Court's jurisdiction over Petitioner with relation to the merits of the action or of Petitioner's defense, and to the contrary, at the time of denying said motions, affiant, as Trial Judge, expressly informed said Ruiz that affiant was simply letting the record stand as it was; that no issue has been directly presented to affiant, as Trial Judge, which would require a determination one way or the other of whether Petitioner, by reason of the facts related hereinabove, is already a participant in the trial or should participate therein in order to protect such rights, if any, that Petitioner has in the premises."

If petitioner chooses to remain out of the pending trial and a judgment is rendered therein, which affects her adversely, her remedy is by way of appeal. Likewise, if petitioner chooses to enter the trial at this point, she has made her objections to the resumption of the trial and may have the same reviewed on appeal.

We conclude that the trial court, in announcing its intention to resume and complete the trial as against the defendant administrator and defendant Huttaball is not acting "without or in excess of the jurisdiction." (Code Civ. Proc., § 1102.)

A peremptory writ is denied and the alternative writ discharged.

Nourse, P. J., and Kaufman, J., concurred.